UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SABRINA CAHILLANE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-437-JD-MGG |
| SHERIFF HASSEL, et al., | |
| Defendants. | |

OPINION AND ORDER

Sabrina Cahillane, a prisoner without a lawyer, filed a complaint regarding the conditions at the Marshall County Jail. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cahillane alleges that, from August 2019 to November 2019, she was forced to sleep on a mat on the floor next to a leaky toilet and shower. She was not permitted recreational time on a regular basis and had to eat meals on a toilet in her

cell. She was also refused her medication and received the incorrect dosages on several occasions. For these claims, she seeks money damages.

Cahillane asserts claims against Sheriff Hassel and Sergeant Holcomb. Because she is a pretrial detainee, the court must assess her claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). While Cahillane may be able to state valid Fourteenth Amendment claims, she does not describe how the defendants were personally involved in subjecting her to the alleged conditions. Therefore, she may not proceed against on this complaint.

Nevertheless, the court will give Cahillane the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If she chooses to file an amended complaint, she should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, she should file an amended complaint only if she believes she can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Sabrina Cahillane until <u>September 21, 2020</u>, to file an amended complaint; and

3

      (2) CAUTIONS Sabrina Cahillane that, if she does not respond by that deadline, this case will be dismissed without further notice.

      SO ORDERED on August 20, 2020

                                     /s/JON E. DEGUILIO
                                     CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT